## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BYRON WHITE,<br><br>Plaintiff,<br>v.<br><br>YOUNG MEN'S CHRISTIAN<br>ASSOCIATION OF DELAWARE,<br>RICK GOULD, and DONNA BEVERIN,<br><br>Defendants. | )<br>)<br>)<br>) Civil Action No. 12-515-RGA-SRF<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

### I.    INTRODUCTION

Pending before the court in this matter is the Plaintiff's Motion to Stay (the "Motion")

(D.I. 28), filed under the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C.A. § 522.

For the reasons which follow, the Motion is **GRANTED IN PART** and **DENIED IN PART**

without prejudice, subject to the limitations outlined below.

### II.    BACKGROUND

The Plaintiff filed this action on April 24, 2012, alleging violations of the Fair Labor

Standards Act under 28 U.S.C. §§ 201 *et seq.*[1] (D.I. 1) On August 7, 2012, the court entered a

Scheduling Order (D.I. 16), which set a discovery completion date of January 31, 2013.

In September of 2012, the Plaintiff's attorney's cases were assigned to a receiver. The

Plaintiff has not presently retained new counsel.

On January 7, 2013, the court entered an Order for the Plaintiff to advise the court of the

status of the case. (D.I. 23) The Order required:

---

[1] The Plaintiff also asserts common law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. (D.I. 1 ¶¶ 36-45) On July 26, 2012, the Plaintiff filed a First Amended Complaint (D.I. 15) to correct the name of one Defendant.

> 1. Plaintiff's substitute counsel [to] file an entry of appearance; or
> 2. Plaintiff [to] provide written notice of Plaintiff's intention to proceed with the litigation of the case pro se; or
> 3. A written application for a stay of the case under the Servicemembers Civil Relief Act, pursuant to 50 App. U.S.C.A. § 522, [to] be submitted on behalf of the Plaintiff . . . .

(D.I. 23)

On January 30, 2013, the Plaintiff's father filed on behalf of the Plaintiff an application requesting that the court stay this case. (D.I. 24) The application indicated that the Plaintiff is in the United States Air Force ("Air Force") and currently is deployed on active duty training in Lackland, Texas.[2] (D.I. 24) The application further stated: "[The Plaintiff's] orders are good until 2-22-2013 but he is expected to be there until April 2013 and maybe later. Currently we are looking for another lawyer and will notify the Court as soon as we get one. Please stay my case until my son returns." (*Id.*)

The Defendants filed a response opposing the request on the ground that the Plaintiff's application failed to satisfy the statutory requirements for a stay set forth in the SCRA. (D.I. 25)

On March 5, 2013, the court entered an Order stating, in pertinent part:

> [T]he [Plaintiff's application] is deficient, as it neither "stat[es] a date when the servicemember Plaintiff will be available to appear" nor does it include "[a] letter or other written communication from the servicemember Plaintiff's commanding officer stating that the servicemember Plaintiff's current military duty prevents appearance and that military leave is not authorized for the servicemember Plaintiff at the time of letter."

(D.I. 27) The court directed the Plaintiff to submit the relevant information identified in the SCRA, and instructed the Plaintiff to "advise the court whether he will hire substitute counsel, or alternatively, proceed with the litigation of the case pro se."[3] (*Id.*)

---

[2] The submission also included a copy of the Plaintiff's active duty orders. (D.I. 24)

[3] Because the Plaintiff's father claimed to hold Power of Attorney for the Plaintiff, and has been communicating with the court on the Plaintiff's behalf, the Order requires that "[a]ll subsequent

On April 17, 2013, the Plaintiff's father filed the pending Motion to Stay, requesting that

the court stay this case through February 2014. (D.I. 28) The Motion indicates that the Plaintiff

"will be getting substitute counsel" after he "returns from military service."[4] (*Id.*) The Plaintiff's

father submitted with the Motion a copy of the Plaintiff's amended active duty orders, dated

March 26, 2013, and a letter from a commander in the Air Force, dated April 13, 2013. The

amended orders reflect that the Plaintiff will be on active duty until May 11, 2013. (*Id.*) The Air

Force commander's letter states that the Plaintiff

> is currently serving on military orders for the purpose of gaining initial aircrew
> skills qualification. As a part of the training, [the Plaintiff] will be performing
> aircrew flight duties on airlift missions destined for Afghanistan as well as other
> overseas locations. Performing aircrew flight duties while under supervision of an
> instructor is vital to successful completion [sic] the training program. . . . [The
> Plaintiff's] flight training is conducted on strategic airlift missions, which are
> determined by current world events. Training is anticipated to be completed Feb
> [sic] 2014.

(*Id.*)

On April 22, 2013, the Defendants filed a response in opposition to the Motion, arguing

that the Plaintiff's "application still does not comply with [the SCRA]." (D.I. 29) Specifically,

the Defendants contend that the letter submitted with the Motion

> does not explain why [the Plaintiff's] training will prevent him from prosecuting
> his case for the next ten months. . . . [It] does not even explain where [the
> Plaintiff] is currently living or will be living over the next ten months. . . . [T]he
> letter fails to address whether the [P]laintiff is eligible for leave over the next ten
> months in the event that he is required to appear for a deposition or court
> proceeding in Delaware.

(*Id.*)

---

filings submitted by Plaintiff's father, on behalf of the Plaintiff, [] include and attach a copy of
the Power of Attorney." (D.I. 27)

[4] The Plaintiff's father indicated that he "ha[s] talked to several lawyers, but they will not take
the case until they can talk to [the Plaintiff]." (D.I. 28)

III.   **LEGAL STANDARD**

The Servicemembers Civil Relief Act "applies to any civil action . . . in which the

plaintiff or defendant at the time of filing an application [to stay] . . . is in military service or is

within 90 days after termination of or release from military service; and . . . has received notice

of the action or proceeding." 50 App. U.S.C.A. § 522(a). Section 522(b) of the SCRA provides:

> At any stage before final judgment in a civil action or proceeding in which
> a servicemember described in subsection (a) is a party, the court may on its own
> motion and shall, upon application by the servicemember, stay the action for a
> period of not less than 90 days, if the conditions in paragraph (2) are met.
>     (2) Conditions for stay. An application for a stay . . . shall include the
> following:
>         (A) A letter or other communication setting forth facts stating the
>     manner in which current military duty requirements materially affect the
>     servicemember's ability to appear and stating a date when the
>     servicemember will be available to appear.
>         (B) A letter or other communication from the servicemember's
>     commanding officer stating that the servicemember's current military duty
>     prevents appearance and that military leave is not authorized for the
>     servicemember at the time of the letter.

§ 522(b).

The decision to grant a request to stay under the SCRA is within the discretion of the

district court. *Tabor v. Miller*, 389 F.2d 645, 647 (3d Cir. 1968). However, the SCRA must

"always [] be liberally construed to protect those who have been obliged to drop their own affairs

to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561, 575 (1943).

IV.   **DISCUSSION**

The court finds that the Plaintiff's Motion to Stay does not precisely satisfy all the

elements of the SCRA. However, the Motion sufficiently demonstrates that the Plaintiff's current

military duties prevent him from participating in this action. Therefore, the court will grant a

limited stay of the proceedings for 90 days, to effectuate the purpose of the SCRA.

4

In order for the court to stay a case under § 522, the plaintiff must satisfy two requirements. First, the plaintiff must submit to the court "[a] letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear." § 522(b)(2)(A). Second, the plaintiff must provide "[a] letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." § 522(b)(2)(B). While the SCRA must be liberally construed, the Supreme Court has explained that it "cannot be construed to require continuance on mere showing that the [party is] in . . . the military service." *Boone*, 319 U.S. at 565.

In the present case, the Plaintiff has not satisfied all of the statutory requirements for a stay under § 522 of the SCRA. With respect to the first element, described in § 522(b)(2)(A), the Plaintiff has established only that he is on active military duty in the Air Force, and his training is "anticipated to be completed" in February 2014. (D.I. 28) The Plaintiff, however, has not "stat[ed] a date when [he] will be available to appear." § 522(b)(2)(A).

The Plaintiff's Motion, likewise, does not satisfy the second requirement for a stay described in § 522(b)(2)(B). The SCRA specifically requires "[a] letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." § 522(b)(2)(B). In the present case, the Air Force commander's letter included with the Motion states only that the Plaintiff's performance of "aircrew flight duties while under supervision of an instructor is vital to successful completion [of] the training program." (D.I. 28) The letter does not indicate whether or not military leave is authorized. *See* § 522(b)(2)(B).

5

Because the SCRA is to be liberally construed in favor of the servicemember, the court

will stay this matter for 90 days.[5] Granting the stay effectuates the purposes of the Statute:

> (1) to provide for, strengthen, and expedite the national defense through protection extended by [the] Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and
>
> (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.

50 App. U.S.C.A. § 502. Furthermore, the SCRA must always be liberally construed in favor of

servicemembers on active duty who have "drop[ped] their own affairs to take up the burdens of

the nation."[6] *Boone*, 319 U.S. at 575. In this regard, federal courts have granted stays despite

servicemembers' failure to comply strictly with the requirements if the SCRA.[7]

---

[5] Pursuant to the SCRA, "the court may on its own motion and shall, upon application by the servicemember, stay the action for a period *not less than 90 days*[] . . . ." § 522(b) (emphasis added).

[6] *See also Flagstar Bank v. Pemberton*, 2010 WL 924253, at *1 (D.V.I. Mar. 11, 2010) (explaining that the provisions of the SCRA are to be "applied in a broad spirit of gratitude towards service personnel" (citation omitted)).

[7] *See, e.g., Campos v. Steen*, 2010 WL 1949589, at *1 (D. Nev. May 12, 2010) (granting stay under § 522 because "the district court's discretion to grant a stay [under the SCRA] should not be withheld on rigid procedures and rules"); *Hoi Dang v. McMinn Cnty.*, 2010 WL 419960, at *1 (E.D. Tenn. Jan. 29, 2010) (granting stay under § 522, despite servicemember's failure to comply with technical requirements, because "[t]he purpose of the act is to protect the rights of those serving in the military, and courts should not deny motions for failing to comply with procedural technicalities"); *Keane v. McMullen*, 2009 WL 331455, at *3 (N.D. Cal. Feb. 11, 2009) (granting stay despite failure to comply with § 522 technical requirements, because "[n]ot only does the court have the inherent power to control its docket, the SCRA provides the Court may grant a stay on its own motion, when a servicemember is a party to a suit, and [his] absence would materially prejudice its prosecution"); *Hunt v. United Auto Workers Local 1762*, 2006 WL 572805, at *1-2 (E.D. Ark. Mar. 7, 2006) (granting stay despite failure to satisfy requirements of § 522 because the SCRA "is to be administered . . . to accomplish substantial justice" and "plaintiff's rights in this litigation would [otherwise] not be protected during his active deployment").

## V.     CONCLUSION

For the foregoing reasons, the Motion to Stay is **GRANTED IN PART** and **DENIED IN PART** without prejudice.

This matter is hereby STAYED for 90 days, until **Monday, August 5, 2013**. On or before that date, the Plaintiff may file[8] an application to extend the stay. However, the application must satisfy the requirements of the SCRA. Specifically, the Plaintiff must:

(1) Explain to the court *"the manner in which current [Air Force] duty requirements materially affect the [Plaintiff's] ability to appear"* and *"stat[e]a date when the [Plaintiff] will be available to appear"; and*

(2) provide a letter from the Plaintiff's commanding officer *"stating that the [Plaintiff's] current military duty prevents appearance and that military leave is not authorized for the [Plaintiff] at the time of the letter."* § 522(b)(2) (emphasis added).

This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order in Pro Se Matters for Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: May 6, 2013

Sherry R. Fallon
United States Magistrate Judge

---

[8] The court reiterates from its March 5, 2013 Order (D.I. 27) that all subsequent filings submitted by Plaintiff's father, on behalf of the Plaintiff, **must include and attach** a copy of the Power of Attorney held by Plaintiff's father; otherwise, such filings will not be accepted.